**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| SANTOS BLANCO, | : | **CIV. NO. 19-17567 (RMB-KMW)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| MARK E. RODDY, ESQ. | : | |
| Defendant | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Santos Blanco, a prisoner confined in the Atlantic County Justice Facility in Mays Landing, New Jersey, brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) under 28 U.S.C. § 1915(a), which provides, in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a certified trust account statement. Therefore, the Court will deny Plaintiff's IFP application without prejudice and administratively terminate this action.[1]

Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that a grant of IFP status still requires payment of the $350.00 filing fee in installments, if available in the prisoner's trust account. See U.S.C. § 1915(b)(1).

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] For the reasons discussed below, if Plaintiff reopens this action, the Court would dismiss the Complaint for failure to state a claim.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff alleges that he paid his defense attorney $5,000 to represent him but his attorney did nothing. (Compl., ECF No. 1 at 4-5.) On July 21, 2019, Plaintiff was scheduled to be sentenced but told the judge he wanted to retract his plea for twelve years because he did not have any discovery regarding the Indictment. (Id. at 4.) For relief, Plaintiff seeks money damages. (Id. at 5.)

    B.    Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation

5

was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

The Court construes the Complaint to allege a claim for violation of Plaintiff's Sixth Amendment right to effective assistance of counsel.[3] See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). "Criminal defense attorneys, including public defenders, do not act "under color of state law" and are not liable under section 1983 when performing traditional functions as defense counsel." <u>Nelson v. Dauphin Cty. Pub. Def.</u>, 381 F. App'x 127, 128 (3d Cir. 2010) (quoting <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981)); <u>Newton v. City of Wilmington</u>, 676 F. App'x 106, 108 (3d Cir. 2017). Engaging in plea negotiations is a traditional function of defense counsel. Therefore, the Complaint fails to state a claim under § 1983. If Plaintiff were to reopen this action, the Court would dismiss the Complaint with prejudice.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action.

An appropriate order follows.

---

[3] Because this Court lacks jurisdiction over New Jersey state law claims, the Court will not construe the Complaint to allege a claim of attorney malpractice or breach of contract.

DATE: December 3, 2019

                                      s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**